THE STATE OF OHIO, APPELLANT, *v.*
TEWELL, APPELLEE.

(No. 8034—Decided April 11, 1983.)

*Mr. Lee C. Falke,* prosecuting attorney, and *Mr. Robert B. Coughlin,* for appellant.

*Mr. John H. Rion,* for appellee.

KERNS, J. On April 21, 1982, a search warrant was served upon the defendant, Kenneth G. Tewell, at his residence at 466 Willowhurst Drive, Centerville, Ohio. Specifically, the warrant commanded a search of:

"466 Willowhurst, a white wood frame with brick, single family dwelling with attached one-car garage and an unattached two-car garage and surrounding curtilage."

A search of Tewell's residence produced large quantities of cocaine, and a search of the trunk of Tewell's 1975 Cadillac, which was parked on the driveway about three feet from the residence, produced a substantial amount of hashish.

Subsequently, the defendant moved to suppress the evidence seized from the trunk of the Cadillac on the grounds that the search of his automobile was beyond the scope of the search warrant and violated his rights as guaranteed by the Constitution of the United States and the Constitution of the state of Ohio.

On October 6, 1982, the motion to suppress the evidence obtained in the search of the Cadillac automobile was sustained by the Court of Common Pleas of Montgomery County, and from the judgment so entered, the state has perfected an appeal to this court.

The only issue presented in the appeal is whether a warrant to search a family dwelling "and surrounding curtilage" includes the right to search an automobile parked on the driveway next to the residence.

The word "curtilage" probably carries a more exacting connotation in England, but in this country, the designation, in legal contemplation, has come to mean any number of things. See 10A Words and Phrases 477, Curtilage; 68 American Jurisprudence 2d 676, Searches and Seizures, Section 20. However, in accordance with any and all definitions, and by any reasonable standards anywhere, the "surrounding curtilage" would necessarily include a driveway which is located adjacent to and used in connection with a dwelling house. See Black's Law Dictionary (5 Ed. 1979) 346. Hence, Tewell's automobile was located within the curtilage at the time of the search, and this being the case, it was entitled to no more protection than any other chattel on the premises which might have served as an enclosure for the illicit drugs. See *State* v. *Nedeczky* (Nov. 18, 1982), Greene App. No. 82-CA-36, unreported.

The Fourth Amendment accommodates people rather than places, and under the facts and cirsumstances of the present case, the automobile, parked as it

was beside the house, was no more private than the implement shed, the dog house, the rabbit hutch, the tool trunk, or any other of a number of chattels which might have served as a hiding place for the objects of the search of the surrounding curtilage.

A number of other jurisdictions have wrestled with problems closely akin to the one presented in the present case, and most have held that motor vehicles are within the scope of a warrant which refers to the "curtilage" or "premises." For example, see *State* v. *Lewis* (Minn. 1978), 270 N.W. 2d 891; *United States* v. *Napoli* (C.A. 5, 1976), 530 F. 2d 1198, certiorari denied (1976), 429 U.S. 920; *Brooks* v. *United States* (C.A. 5, 1969), 416 F. 2d 1044, certiorari denied *sub nom. Nipp* v. *United States* (1970), 400 U.S. 840; *United States* v. *Cole* (C.A. 5, 1980), 628 F. 2d 897, certiorari denied (1981), 450 U.S. 1043; *Alexander* v. *State* (Fla. App. 1959), 108 So. 2d 308; *Bellamy* v. *State* (1975), 134 Ga. App. 340, 214 S.E. 2d 383; *Whited* v. *State* (Tenn. Crim. App. 1972), 483 S.W. 2d 594; *State* v. *Reid* (1974), 23 N.C. App. 194, 208 S.E. 2d 699. Along similar lines, the Supreme Court of Ohio has hinted, at least, that a warrant such as the one in this case would extend to the search of an automobile parked adjacent to a residence. *State* v. *Curtis* (1978), 54 Ohio St. 2d 128, 132 [8 O.O.3d 121].

Likewise, we are of the opinion that Tewell's automobile, being located within the surrounding curtilage, was fair game for a reasonable search. As noted in *United States* v. *Ross* (1982), 456 U.S. 798, 820-821, "A lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search. * * *"

Accordingly, the judgment of the court of common pleas is reversed and the cause is remanded to that court for further proceedings according to law.

*Judgment reversed*
*and cause remanded.*

WILSON and WEBER, JJ., concur.