The STATE of Ohio,

v.

AMENDOLA.

Court of Common Pleas of Ohio,
Lucas County.

No. CR 94–6721.

Decided Feb. 5, 1995.

*Anthony Pizza,* Lucas County Prosecuting Attorney, and *Bruce Sorg,* Assistant Prosecuting Attorney, for plaintiff.

*Adrian P. Cimerman,* for defendant.

FREDERICK H. McDONALD, Judge.

This cause is before the court upon defendant Richard Amendola, Jr.'s motion to suppress evidence. For the reasons that follow, I find that the motion is not well taken and that it should be denied.

On June 16, 1994, police officers who were members of a metro drug task force conducted a search of the defendant's home at 5239 W. Bancroft in Toledo, Ohio, and also certain vehicles at that location. The search warrant was issued by a judge of the Toledo Municipal Court. The affidavit for the search warrant recited information about the defendant's alleged drug activities gained from the defendant's cousin, Joseph Brady, who claimed to have made regular purchases of marijuana from the defendant. It also contained information from a confidential informant and from independent police investigation. As a result of a search, drugs and money were found both in the house and in a car parked on the driveway of the property. The defendant now moves to suppress all evidence discovered as a result of the search, arguing that the affidavit did not contain sufficient probable cause to justify the issuance of a search warrant, that both the

affidavit and the warrant were so facially flawed that the good faith exception to the exclusionary rule is inapplicable, and that the scope of the search exceeded that permitted by the warrant.

*State v. George* (1989), 45 Ohio St.3d 325, 544 N.E.2d 640, contains law applicable to this issue. In the *George* case the Ohio Supreme Court chose to apply a two-step analysis in determining whether the exclusionary rule should be applied where a defendant contends that there was no probable cause for the issuance of a search warrant. The first step requires a determination of whether probable cause exists to issue the warrant. The second step involves a determination as to whether the good faith exception to the exclusionary rule is applicable. With regard to the first step, the court adopted the "totality of the circumstances test" of *Illinois v. Gates* (1983), 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527, and articulated that test as follows:

"In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, '[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.'

"In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant issued by a magistrate, neither a trial court nor an appellate court should substitute its judgment for that of the magistrate by conducting a *de novo* determination as to whether the affidavit contains sufficient probable cause upon which that court would issue the search warrant. Rather, the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. In conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, trial and appellate courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant." *State v. George, supra,* at paragraphs one and two of the syllabus, citing and quoting *Illinois v. Gates, supra,* at 238–239, 103 S.Ct. at 2332–2333, 76 L.Ed.2d at 548–549.

The first issue is whether the affidavit contained sufficient probable cause to justify the issuance of a search warrant. I find that the affidavit in this case meets the standards set forth in *George.* The crucial information given by Joseph Brady was corroborated both by a confidential informant whose reliability had been proven and by independent police investigation. Also, Brady's reliability is bolstered by the fact that the information he provided was against his penal interest. See *United States v. Harris* (1971), 403 U.S. 573, 583, 91 S.Ct. 2075,

2081–2082, 29 L.Ed.2d 723, 733–734; *State v. Boyd* (1989), 63 Ohio App.3d 790, 794, 580 N.E.2d 443, 445.

■ The defendant also argues that, with regard to the warrant, "[t]he result of the failure to cross out irrelevant alternatives is both nonsense (no person or vehicle, for instance, is 'above described') and excessively broad." However, the warrant complies with the mandates of R.C. 2933.24(A), which states in pertinent part:

"(A) A search warrant shall be directed to the proper law enforcement officer or other authorized individual and, by a copy of the affidavit inserted in it or annexed and referred to in it, shall show or recite all the material facts alleged in the affidavit, and particularly name or describe the property to be searched for and seized, the place to be searched, and the person to be searched."

Thus, I find that any inconsistencies in the warrant are minor and not fatal.

■ The court in *George* determined that there was probable cause for the issuance of the warrant. However, the court also completed the second step of the two-step analysis and made a determination as to whether or not the good faith exception to the exclusionary rule stated in *United States v. Leon* (1984), 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677, applied. The court in paragraph three of the syllabus held:

"The Fourth Amendment exclusionary rule should not be applied so as to bar the use in the prosecution's case-in-chief of evidence obtained by officers acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause." *State v. George, supra.*

However, the court in *George* recognized that the good faith exception to the exclusionary rule did not automatically validate all searches with warrants. The court recognized four situations where the good faith exception was inapplicable. *State v. George, supra*, 45 Ohio St.3d at 331, 544 N.E.2d at 646. A review of the record in this case reveals that none of the four situations existed when the warrant was executed. There is no evidence from which this Court can make a finding that the officers were not acting in good faith. For that reason I find that, assuming that the affidavit did not contain sufficient probable cause to justify the issuance of a search warrant, the exclusionary rule should not be applied because the officers were acting in good faith reliance upon the warrant.

Applying the standards of *State v. George*, the defendant's motion to suppress evidence on the ground of lack of probable cause for the issuance of the warrant must be denied because there was sufficient probable cause stated in the affidavit to require the issuance of the warrant. In the alternative, even if probable cause

did not exist, the exclusionary rule is inapplicable because of the officers' good faith in the execution of the warrant.

■ Finally, the defendant argues that the scope of the search exceeded that permitted by the warrant. Specifically, the defendant argues that the search of his car was improper, since no car was specified on the face of the warrant. The car in question was parked on the driveway of the property.

While it is true that no vehicle was specified on the face of the warrant, the warrant permitted a search of "all outbuildings, sheds, garages, and curtiledge [*sic*]." The issue is thus whether the car parked on the driveway was a part of the "curtilage" and thus within the scope of the search warrant. Though the Ohio Supreme Court has not apparently dealt with the issue, Ohio courts of appeals that have had the issue before them have held that vehicles parked in a driveway or otherwise in immediate proximity to the house are part of the curtilage and properly searched when the search warrant specifies "curtilage." See *State v. Tewell* (1983), 9 Ohio App.3d 330, 331, 9 OBR 597, 598, 460 N.E.2d 285, 287; *State v. Hinson* (Sept. 8, 1994), Cuyahoga App. No. 66259, unreported, 1994 WL 496658; *State v. Mihalke* (Mar. 2, 1989), Cuyahoga App. No. 55047, unreported, 1989 WL 18945. These holdings are in conformity with the holdings of federal and other state courts as well. According to one court:

"The Supreme Court of the United States has yet to rule on whether, when searching a residence pursuant to a valid warrant, the police also may search vehicles found in the curtilage, even when the vehicle is not described in the warrant. However, all federal and state courts which have addressed decided [*sic*] this issue have determined that it is constitutionally permissible to search automobiles found within the curtilage of a residence which is being searched pursuant to a valid warrant. Plaintiffs have not cited, and the court has not located, any authority which describes such activity as unconstitutional." (Citations omitted.) *Chavis v. James* (July 15, 1994), E.D.W.Va. No. 3:93cv598, unreported.

These well-reasoned decisions should be followed. The defendant's contention that the search of his car exceeded the scope of the warrant must be rejected.

*So ordered.*