OPINION
Defendant-appellant Frank C. Davis appeals from his conviction and sentence for Possession of Powder Cocaine following his no-contest plea to that charge. Davis argues that the trial court erred in overruling his motion to suppress because the search warrant issued to the police officers investigating his case only authorized them to search the residence at his address, and not the "curtilage," which, Davis asserts, includes the garage attached to the premises and the curb in front of the residence. Davis contends that the search warrant did not authorize the police officers to seize the vehicles found in the attached garage, or the Toyota parked at the curb in front of his residence.
We conclude that the language in the search warrant authorizing the police officers to search Davis' "residence" was broad enough to include a search of an attached garage. We further conclude that even if the police officers illegally seized the vehicles found in the attached garage and parked in front of the residence, since they were not specified in the warrant, the trial court's refusal to suppress the vehicles from evidence was at most harmless error, because the police officers observed the vehicles legally, and would have been able to testify to their observations in court. Accordingly, the judgment of the trial court isAffirmed.
 I
In November, 1998, officers of the Springfield Police Department used a confidential informant to make a controlled buy of powder cocaine at 1578 Charles Street, in the City of Springfield, Clark County, Ohio. The police obtained a search warrant authorizing them to search the residence at 1578 Charles Street and any persons found therein, and to seize any cocaine, money, drug paraphernalia, firearms, financial records and documents of illegal drug activity, and any other evidence of criminal activity in violation of R.C. 2925.03 and 2925.11. Pursuant to their search, the police seized the following items: (1) over 1,000 grams of powder cocaine, which they found in the upstairs bedroom of Frank Davis; (2) more than $87,000 in cash; (3) an Acer computer; (4) several vehicles that were found in a garage attached to the premises at 1578 Charles Street, including a Porsche, Jaguar, Lincoln Mark VIII, and Lamborghini; and (5) a Toyota that was parked on the street outside of the residence.
Davis was indicted on one count of Possession of Powder Cocaine, pursuant to R.C. 2925.11, and two counts of Drug Trafficking in Cocaine, pursuant to R.C. 2925.03. The Possession of Powder Cocaine charge was accompanied by a "Major Drug Offender" specification, and all three counts were accompanied by a forfeiture specification listing, among other things, the cash, computer, and vehicles seized during the search. On February 16, 1999, Davis filed a ten-branch motion to suppress. In the only branch of the motion relevant to the current appeal, Davis argued that the search warrant did not authorize the police officers to search or seize any of the vehicles in the garage attached to the premises at 1578 Charles Street or the Toyota parked on the street in front of the residence. After holding a hearing on Davis' motion, the trial court held that the search and seizure of the vehicles was permissible pursuant to the catch-all portion of the warrant authorizing the police to search and seize "any other evidence of criminal activity in violation of [R.C.] sections 2925.03 and 2925.11."
On August 4, 1999, Davis entered into a plea agreement with the State, whereby Davis agreed to plead guilty to the one count of Possession of Powdered Cocaine and the Major Drug Offender specification, in exchange for the State's agreeing to drop the remaining two charges of Drug Trafficking. As part of the plea bargain, Davis agreed to forfeit 22 items, including the cash, computer, and cars seized at his residence, and further agreed that the items forfeited would not be the subject of any appeal.
After finding Davis guilty of the charge and specification, the trial court sentenced Davis to ten years in prison, plus an additional one year due to the specification.
Davis appeals from his conviction and sentence for Possession of Powder Cocaine.
 II
Davis' sole assignment of error states:
 THE TRIAL COURT ERRED WHEN IT FAILED TO SUSTAIN THE SUPPRESSION MOTION BECAUSE THE SEARCH WARRANT FAILED TO SUFFICIENTLY PARTICULARIZE THE AREAS TO BE SEARCHED.
Davis argues that the trial court erred in overruling his motion to suppress the evidence regarding the vehicles found in the garage attached to the house at 1578 Charles Street and the Toyota parked on the street in front of that house, because the search warrant authorized a search only of the residence and the persons found therein, and not of the attached garage or the street curb in front of the residence. Davis asserts that the attached garage and the street curb constitute parts of the "curtilage" of the residence. Citing State v. Amendola (1995),71 Ohio Misc.2d 30, 34, which held that the parts of the curtilage of the property may be "properly searched when the search warrant specifies `curtilage'[,]" Davis contends that "[t]he corollary to that statement is that cars parked on the curtilage may not be searched if the search warrant does not authorize the search of the curtilage." Davis further contends that "[b]ecause it is not `reasonable' that an officer would construe this warrant as authorizing the search of the curtilage — much less the search of a vehicle on a public street — the trial court erred when it ruled that the evidence seized as a result of that `unparticularized' search need not be suppressed."
The Fourth Amendment requires that search warrants describe, with particularity, the place to be searched and the persons or things to be seized. Marron v. United States (1927), 275 U.S. 192, 195. The particularity requirement with respect to the place to be searched is satisfied "if the description is such that the officer with a search warrant can with reasonable effort ascertain and identify the place searched." Steele v. United States (1925), 267 U.S. 498, 503. The particularity requirement with respect to the person or item to be seized is satisfied if the search warrant allows the officer to identify the persons or items to be seized. 1 Katz Giannelli, Criminal Law (1996) 177, Section 9.17. Evidence not specifically described in the search warrant may still be seized if: (1) based upon evidence known to the officers, the articles seized were closely related to the crime being investigated; or (2) the officers had reasonable cause to believe the items seized were instrumentalities of the crime. State v. McGettrick
(1988), 40 Ohio App.3d 25, 30.
"Curtilage" is the area immediately surrounding and associated with a home. United States v. Oliver (1984), 466 U.S. 170, 180. Although Davis has not cited any authority for his proposition that an attached garage is part of the curtilage of a dwelling, this court has held that an attached garage falls within the curtilage of a home. State v. Cooper
(Sept. 26, 1997), Greene App. No. 97-CA-15, unreported, citing LosAngeles Police Protective League v. Gates (C.A.9, 1990), 907 F.2d 879,885. In Cooper, supra, we held that an attached garage was part of the curtilage as part of our reasoning that it was the subject of a reasonable expectation of privacy on the part of the owner, and thus subject to Fourth Amendment protection, even though the door to the garage was open. Police officers in that case conducted a warrantless search of the garage.
We disagree with Davis' assertion that just because an attached garage is deemed part of the curtilage of a residence for purposes of investing that garage with Fourth Amendment protection, the garage may not properly be deemed to have been part of the attached residence for purposes of determining whether it came within the description, in the search warrant, of the place to be searched. Reasonable persons would agree that an attached garage is part of the house to which it is attached, and, therefore, is part of the residence or dwelling. Consequently, because the search warrant authorized the officers to search the residence at 1578 Charles Street for the items listed, the police were allowed to enter the attached garage and search for those items.
However, while it was permissible for the officers to search the attached garage, the seizure of the vehicles inside the garage, along with the Toyota parked at the curb in front of the residence, was problematic at best. No vehicles were listed in the search warrant. There was no evidence adduced at the hearing on the motion to suppress to demonstrate that the officers had evidence that the vehicles seized were closely related to the crime being investigated or that they were instrumentalities of the crime. Furthermore, it was inappropriate for the trial court to use the catch-all phrase found in the search warrant to justify the seizure of the vehicles. Although a catch-all afterthought like the one used here, i.e., "and any other evidence of criminal activity * * * [,]" does not transform an otherwise valid search warrant into an invalid general warrant, it "provides no additional authority for officers executing the warrant." 1 Katz Giannelli, Criminal Law (1996) 178, Section 9.18.
Notwithstanding the above observation, we are convinced that any error the trial court may have committed in failing to suppress the vehicles was harmless beyond a reasonable doubt. Davis' purpose in attempting to have the vehicles suppressed from evidence was to prevent the jury from inferring his guilt on the charges of Drug Possession and Trafficking from his ownership of numerous and expensive vehicles. However, the police officers' observations of these vehicles, as distinct from their seizure, were not subject to suppression, since the officers were authorized to be present at the vantage point from which they observed them. The search warrant authorized the officers to search the residence at 1578 Charles Street, including the garage attached to the home. Therefore, even if the vehicles themselves had been suppressed from evidence on the grounds that they were illegally seized, the police still would have been able to testify about their observations of the vehicles in the garage, and the Toyota parked at the curb in front of the residence, because those observations were lawfully made.
Accordingly, Davis' sole assignment of error is overruled.
 III
Davis' sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
 _________________ FAIN, J.
BROGAN and YOUNG, JJ., concur.