OPINION
Suyong Simpson appeals from his conviction in the Montgomery County Common Pleas Court of possession of marijuana in excess of 20,000 grams pursuant to his no contest plea.
The facts underlying this appeal are not in dispute and set out well in the State's brief. They are as follows:
 On June 6, 2000, Deputy Donald Williams of the Montgomery County Sheriff's Office and C.A.N.E. Task Force set up a reverse/sale controlled delivery of drugs using a confidential informant ("C.I") and undercover agent Sterling Walker of the Bureau of Criminal Identification and Investigation. (Tr. 12, 76, 78-79; State's Exhibit 1). At approximately 2:10 p.m., Walker and the C.I. delivered eighty-eight pounds of marijuana to 4881 Lodgeiew Drive in Huber Heights, the residence of co-defendants Anthony Collins and Joshua Egnor. (Tr. 50-51, 65-66, 78-79). Walker, Defendant and Collins unloaded the marijuana from the trunk of Walker's vehicle and placed it on the kitchen floor. (Tr. 79). Defendant inspected the marijuana, advised Walker that "everything was okay," and calculated the cost of the marijuana at $105,600.00. (Tr. 79-82). Defendant left the residence to get the money and returned approximately forty minutes later with a Nike shoe box containing U.S. currency. (Tr. 82, 84).
 After obtaining payment for the marijuana, Walker and the C.I. left and advised Williams by phone that they had delivered the marijuana as planned, had received payment and were out of the residence. (Tr. 85, 113-14). Williams also had personal knowledge from listening to a wire transmitter worn by the C.I. that Defendant, Collins and Egnor were loading the marijuana into a van in the garage and planned to leave the residence shortly thereafter. (Tr. 86, 114-16). Based on that information, Williams immediately prepared a search warrant. (Tr. 50, 61, 63, 117-18; State's Exhibit 1). Judge Hensley subsequently approved the warrant. (Tr. 63; State's Exhibit 1).
 The search warrant authorized the search of "4881 Lodgeview Drive, Huber Heights, Ohio 45424 and a blue Dodge, Caravan, Ohio Registration AZW-6978." (State's Exhibit 1). The warrant further identified the residence as "a brown brick, with white trim, single family dwelling. The house numbers `4881' are affixed to the exterior of the residence to the right of the garage door. The residence is located on the north side of the street." Id. The warrant stated that `[t]he area to be searched shall include the described residence and the surrounding curtilage." Id.
 Simpson moved to suppress the evidence recovered in the execution of the search warrant. Simpson argued below that the evidence should be suppressed because the search warrant specified the officers were to search the residence and curtilage and the vehicle found in the attached garage where the marijuana was found did not fit in either category. The trial court overruled that motion and this appeal followed.
Simpson argues that an attached garage cannot be deemed part of a residence nor can it be characterized as part of the curtilage.
In State v. Davis (December 8, 2000), Clark App. No. 2000-CA-16, unreported, we concluded that the language in a search warrant authorizing police officers to search Davis' "residence" was broad enough to include a search of an attached garage.
In State v. Tyler (November 29, 1994), Franklin App. No. 94-APA04-492, the Franklin County Court of Appeals held that an attached garage is part of the curtilage as well as being part of a home. The court held that the defendant had the same "reasonable expectation of privacy" in his garage as he had in his home. The court remanded the matter to the trial court to determine whether a warrantless search of the defendant's automobile which was parked in the defendant's garage was reasonable under the circumstances.
In State v. Tewell (1983), 9 Ohio App.3d 330, this court held that a warrant to search a dwelling "and surrounding curtilage" includes the right to search an automobile parked on the driveway next to the residence.
A Lucas County Common Pleas court came to a similar conclusion in Statev. Amendola (1995), 71 Ohio Misc.2d 30. Judge McDonald wrote the following at page 34 of the court's decision:
 While it is true that no vehicle was specified on the face of the warrant, the warrant permitted a search of "all outbuilding, sheds, garages, and curtiledge [sic]." The issue is thus whether the car parked on the driveway was a part of the "curtilage" and thus within the scope of the search warrant. Though the Ohio Supreme Court has not apparently dealt with the issue, Ohio court of appeals that have had the issue before them have held that vehicles parked in a driveway or otherwise in immediate proximity to the house are part of the curtilage and properly searched when the search warrant specifies "curtilage." See State v. Tewell (1983), 9 Ohio App.3d 330, 331, 9 OBR 597, 598, 460 N.E.2d 285, 287; State v. Hinson (Sept. 8, 1994), Cuyahoga App. No. 66259, unreported, 1994 WL 496658; State v. Mihalke (Mar. 2, 1989), Cuyahoga App. No. 55047, unreported, 1989 WL 18945. These holdings are in conformity with the holdings of federal and other state courts as well. According to one court:
 "The Supreme Court of the United States has yet to rule on whether, when searching a residence pursuant to a valid warrant, the police also may search vehicles found in the curtilage, even when the vehicle is not described in the warrant. However, all federal and state courts which have addressed decided [sic] this issue have determined that it is constitutionally permissible to search automobiles found within the curtilage of a residence which is being searched pursuant to a valid warrant. Plaintiffs have not cited, and the court has not located, any authority which describes such activity as unconstitutional." (Citations omitted.) Chavis v. James (July 15, 1994), E.D.W. Va. No. 3:93cv598, unreported.
 These well-reasoned decisions should be followed. The defendant's contention that the search of his car exceeded the scope of the warrant must be rejected.
 In this case, the search warrant authorized the officers to search both the residence and the curtilage for the marijuana. The vehicle was found inside the residence and the search of it was reasonable.
The appellant's assignment of error must be overruled. The judgment of the trial court is Affirmed.
WOLFF, P.J., and YOUNG, J., concur.