{¶ 1} The Cuyahoga County grand jury indicted defendant-appellant, Shawn Williams, on one count of drug possession in violation of R.C.2925.11, one count of drug trafficking in violation of R.C. 2925.03, and one count of possession of criminal tools in violation of R.C. 2923.24. The first two offenses included a one-year firearm specification in violation of R.C. 2941.141. A jury found the appellant guilty on all counts. The trial court sentenced appellant to a total of six years in prison and imposed a $10,000 mandatory drug fine. Appellant appeals his conviction and sentence, presenting four assignments of error for our review. For the reasons stated below, we find all four of appellant's assignments of error to be without merit and affirm the judgment of the trial court.
 {¶ 2} In late August 2005, the Cleveland police received a tip by a confidential reliable informant that a black male known as "Q" was trafficking large quantities of marijuana from the downstairs unit of a house at 1369 East 93rd Street in Cleveland. The police set up a controlled purchase of marijuana using the informant. The informant went into the house with a predetermined amount of marked currency and returned from the house with two bags containing ten pounds of marijuana. The informant told police there were other persons in the house with "Q." The informant described the persons dealing the drugs as being Jamaican or of Jamaican descent. *Page 3 
 {¶ 3} Based upon this information, Cleveland police detective Todd Clark sought and received a warrant to search the premises from a judge of the Cuyahoga County Court of Common Pleas. The police executed the warrant at approximately 9:45 p.m. on August 31, 2005. After receiving a report of males running inside the house, the SWAT unit hit the front door with a battering ram. Officers of the SWAT unit heard footsteps in another part of the house and smelled a strong odor of marijuana. The SWAT unit cleared the first floor and continued up the back stairs to the second floor. The officers found appellant and another male hiding next to a fireplace on the second floor. The SWAT unit then cleared two rooms on the third floor where they discovered two more males hiding in a crawl space. The males were ordered out of the crawl space and officers discovered a .22 caliber pistol next to where one of the defendants had been hiding. The four males were detained and placed in police cruisers.
 {¶ 4} During the search of the house, Cleveland narcotics officers seized more than 25 pounds (11,654.87 grams) of marijuana, $22,446 in U.S. currency, numerous firearms including a shotgun, a replica AK-47 rifle, numerous handguns, scales and other drug paraphernalia. Police also recovered the prerecorded money used by the informant for the earlier drug buy.
 {¶ 5} During the search of a green Chevy Impala parked behind the house, police found a note with a phone number and the statement, "I want my rent money now!" The phone number belonged to the landlord of a property at 16413 Arcade *Page 4 
Avenue. Police contacted the landlord and, from photographs supplied by the police, she identified one of the defendants as a tenant of the Arcade apartment.
 {¶ 6} A police dog brought to the Arcade property alerted police to the presence of narcotics at the apartment door. The police entered the apartment using a key provided by the landlord and secured the premises. Officers observed a weapon in plain view and relayed this information to Detective Clark who secured a search warrant from the same judge who issued the East 93rd Street warrant. During this second search, police seized a small amount of marijuana, four guns, a money counter, and $32,800 in U.S. currency.
 I {¶ 7} In his first assignment of error, appellant asserts that the court erred when it denied appellant's motion to disclose the identity of the police informant. Appellant claimed that since the informant was the only person who could identify Q and the other persons present during the controlled buy, the informant's testimony was necessary to the appellant's defense. We find no merit to this argument.
 {¶ 8} An informant's identity must only be revealed to a criminal defendant when the informant's testimony is vital to establishing an element of the crime or would be helpful or beneficial to the accused in preparing or making a defense to criminal charges. State v.Williams (1983), 4 Ohio St.3d 74. Disclosure of the informant's identity need not be made where the informant's involvement was limited to providing information relevant to the issue of probable cause. State v.Parsons *Page 5 
(1989), 64 Ohio St.3d 63, citing McCray v. Illinois (1967),386 U.S. 300. In this instant case, the informant's role was limited to providing the information necessary to establish probable cause for a search warrant. The criminal charges against appellant arose as a result of the execution of the search warrant, not the controlled buy. Appellant was not indicted on any charges resulting from the sale of marijuana to the informant. The appellant has failed to establish how the informant's testimony would aid in the defense against the offenses charged.
 II {¶ 9} In his second assignment of error, appellant contends that the court erred when it denied defendant-appellant's motion to suppress. Appellant raises four issues in support of this assignment of error. Appellant argues that the affidavit in support of the first search warrant was insufficient to show probable cause because it was based solely on the informant's statements to police as part of a controlled buy. Appellant next claims that the police failed to knock and announce prior to entering the East 93rd Street house. Appellant then asserts that the search exceeded the scope of the warrant. Finally, appellant challenges the legality of the police search of the Arcade Avenue apartment. We will address each issue separately.
 {¶ 10} In determining the sufficiency of probable cause for an affidavit submitted in support of a search warrant, "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the *Page 6 
circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." State v. George (1989),45 Ohio St.3d 325, paragraph one of the syllabus, following Illinois v.Gates (1983), 462 U.S. 213, 238-239.
 {¶ 11} "In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant issued by a magistrate, neither a trial court nor an appellate court should substitute its judgment for that of the magistrate by conducting a de novo determination as to whether the affidavit contains sufficient probable cause upon which that court would issue the search warrant. Rather, the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. In conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, trial and appellate courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant." Id., paragraph two of the syllabus.
 {¶ 12} In the instant case, police detectives had information from an informant that large quantities of marijuana were being sold out of the East 93rd Street house. This informant was known to the police and had provided reliable information leading to arrests in the past. Detectives set-up a controlled purchase and observed the *Page 7 
informant enter the house and then walk out of the house with 10 pounds of marijuana. The informant told police that there were other persons in the house.
 {¶ 13} This court has held that a search warrant issued upon an affidavit containing an informant's first-hand observations during a controlled purchase of drugs is valid. State v. Fisher (Nov. 1, 1990), Cuyahoga App. Nos. 57505 and 57506.
 {¶ 14} A review of the record clearly reflects that based on the information provided in the affidavit, the issuing judge had a substantial basis upon which to conclude that probable cause existed to search the premises. Appellant's argument lacks merit.
 {¶ 15} Appellant argues that the police violated the knock and announce rule found at R.C. 2935.12 by using the battering ram without first waiting a sufficient amount of time after announcing their presence. Appellant testified at the suppression hearing that he did not hear any knock or announcement, just a "boom." He also testified that he was just relaxing, playing games on his cell phone, and smoking marijuana on the second floor when the police crashed in downstairs. One of appellant's co-defendants also testified that he also failed to hear a knock or announcement. He stated that he was in the second floor bathroom when the police entered the house.
 {¶ 16} The state presented evidence that the police did knock and announce their presence and that they had a search warrant. Cleveland police lieutenant *Page 8 
Michael Connelly testified that the SWAT unit was brought in to assist in executing the search warrant because they had received information that suspects at that location could be armed. Lieutenant Connelly testified that the SWAT officers knocked on the door and announced their presence and then five seconds later entered the house after footsteps were heard running through the house. He stated that the defendants ran up the stairs and the SWAT officers followed.
 {¶ 17} In State v. Curry (1994), 95 Ohio App.3d 93, this court set forth the standard of review of a trial court's judgment with regard to a motion to suppress, stating, "[i]n a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate witness credibility. State v.Clay (1973), 34 Ohio St.2d 250. A reviewing court is bound to accept those findings of fact if supported by competent, credible evidence. SeeState v. Schiebel (1990), 55 Ohio St.3d 71. However, without deference to the trial court's conclusion, it must be determined independently whether, as a matter of law, the facts meet the appropriate legal standard. State v. Claytor (1993), 85 Ohio App.3d 623, 627."
 {¶ 18} The trial court found the state's testimony that the police knocked and announced prior to entering to be more credible than the appellant's. The court specifically found appellant's and co-defendant's testimony to lack credibility and noted that appellant contradicted himself while testifying and was presumably under the influence of marijuana when the police entered the house. Based on the *Page 9 
evidence presented, we conclude that the trial court's determination that the police did not violate the knock and announce rule to be supported by credible evidence.
 {¶ 19} We next address the issue of whether the search exceeded the scope of the warrant. Appellant argues that the search warrant only authorized a search of the downstairs unit at the East 93rd Street premises. Appellant contends that the police search of the vehicle in the driveway and of the basement and upstairs of the house exceeded the scope of the warrant and was therefore illegal. This argument is without merit.
 {¶ 20} The Chevy Impala was not specifically mentioned in the wording of the warrant. However, the search warrant included not only the downstairs of the premises, but the "curtilage, common and storage areas and persons therein." A warrant to search a dwelling "and surrounding curtilage" includes the right to search an automobile parked in the driveway next to the residence. State v. Tewell (1983),9 Ohio App.3d 330, paragraph one of the syllabus. This court has followed the law as set forth by Tewell in State v. Hinson (Sept. 8, 1994), Cuyahoga App. No. 66259, unreported and State v. Mihalke (Mar. 2, 1989), Cuyahoga App. No. 55047, unreported, and upheld the search of vehicles based upon the inclusion of the "curtilage" language in the search warrants. Therefore, the search of the Chevy Impala parked on the premises, did not exceed the scope of the warrant.
 {¶ 21} While the warrant also failed to mention the basement, the record reflects that the basement was one of the common areas accessible to both units by *Page 10 
way of the stairway off the common hallway. We find that with the inclusion of the "common and storage areas" language in the search warrant, the police had authority to search the basement.
 {¶ 22} The search of the second and third floors of the premises falls outside of the scope of the search warrant. Warrantless searches are, per se, unreasonable, and therefore invalid unless they fall within one of the established exceptions to the warrant requirement. Katz v. UnitedStates (1967), 389 U.S. 347. "Exigent circumstances" has been held to be sufficient to justify an exception to the warrant rule and transform an otherwise invalid warrantless entry or search into a valid one where the police are in "hot pursuit of a fleeing felon." United States v.Sanatana (1976), 427 U.S. 38, 43.
 {¶ 23} In the instant case, police had information that a large scale drug enterprise was being operated out of the downstairs unit of the premises. A controlled buy within 24 hours of the warrant resulted in the purchase of 10 pounds of marijuana. The police informant indicated that there were other persons on the premises. The search warrant gave police the authority to search the downstairs unit for these persons believed to be involved in the drug trafficking operation.
 {¶ 24} There was testimony that, just prior to executing the search warrant, a police detective saw a male in the house look out the front door and then turn and flee through the house. The detective heard people running from the first floor up the stairs in the back of the house. The SWAT officers were in hot pursuit as they *Page 11 
chased these people through the downstairs unit and up the stairs, discovering appellant and three other defendants trying to hide upstairs. The entry into the upstairs premises and subsequent search of the defendants was the result of exigent circumstances. These actions fall within the exceptions to the warrant requirement and are legal.
 {¶ 25} Lastly, appellant argues that the search of the Arcade address was not legal. This argument is based upon appellant's assertion that the search of the Chevy Impala was illegal, making information gained from that search subject to suppression. Since we determined that the search of the vehicle was legal, this argument lacks merit.
 {¶ 26} The note in the car at the first location searched led to the discovery of the second location at Arcade Avenue. The landlord of the Arcade premises was able to identify one of the defendants as one of the apartment tenants. One of the officers testified that he could smell marijuana in the common hallway of the premises. The police narcotics canine alerted the police to the presence of narcotics at the door of the apartment. After an initial protective sweep of the apartment, the Arcade location was searched pursuant to a valid search warrant. The search of the apartment turned up more drugs, weapons, and cash.
 {¶ 27} The police sweep of the Arcade apartment prior to receiving the warrant was limited to securing the location while awaiting the warrant. A warrantless entry is justified where there is an objectively reasonable basis to believe that evidence is *Page 12 
in imminent danger of being lost or destroyed. State v. King, Cuyahoga App. No. 80573, 2003-Ohio-1143, citing United States v.Sangineto-Miranda (C.A.6, 1988), 859 F.2d 1501, 1512. There was testimony that the police believed there were people in the house and that there could be weapons in the house in addition to drugs. The police were afraid that with word out on the street about the arrests on East 93rd Street, the other tenant of the Arcade apartment, who was still at large, would try to destroy evidence before the warrant was received. We agree with the trial court that exigent circumstances existed to justify the initial warrantless entry into the apartment.
 III {¶ 28} In the third assignment of error, appellant asserts that the court erred when it denied his Crim.R. 29 motion for an acquittal. The standard of review of a Crim.R. 29 motion is the same as for a sufficiency of the evidence review. The standard is, "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Williams (1996),74 Ohio St.3d 569, 576, quoting State v. Jenks (1991), 61 Ohio St.3d 259.
 {¶ 29} Appellant was convicted of drug possession with a firearm specification, drug trafficking, and possession of criminal tools. He claims that the evidence was insufficient to support his conviction because he had permission to stay on the *Page 13 
second floor of the premises and there was no evidence that he possessed marijuana, guns, or any of the other contraband seized from the house.
 {¶ 30} The elements of the offenses charged are set forth in statute. Pursuant to R.C. 2925.11, no person shall knowingly obtain, possess, or use a controlled substance. To be guilty of trafficking in drugs, a person must knowingly prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person. R.C. 2925.03. A person is guilty of possession of criminal tools if a person possesses or has under his control a substance, device, instrument, or article with the purpose to use it criminally. R.C.2923.24.
 {¶ 31} In the instant case, police searched the premises at East 93rd Street and found a large quantity of marijuana, numerous guns and ammunition, thousands of dollars in money, bags, scales, and other instruments for the grinding and packaging of marijuana. Evidence of a drug operation was scattered throughout the premises. The officers testified that the appellant and the other co-defendants fled when they arrived to execute the search warrant and that appellant was found in the dark on the second floor trying to hide from police. A lead from a search of the car at the house led police to the Arcade Avenue apartment where more money, guns, and marijuana were found. *Page 14 
 {¶ 32} Appellant testified that he was out on the second floor balcony relaxing and playing a video game on his cell phone on August 31, 2005 when police arrived. He stated that he came to Cleveland from New York to attend Ohio Technical College and had been in Cleveland for only a week before he was arrested. He stated that a friend let him stay on the second floor of the house and that he had been down on the first floor on another occasion to iron his shirt but had never seen any marijuana, guns, or other drug related paraphernalia. He claimed he had no knowledge that drugs were being sold out of the first floor of the house.
 {¶ 33} The shop operations manager at Ohio Technical College testified for the state in rebuttal that school records showed appellant attended classes at the school for six weeks prior to his arrest. The manager also testified that in the school application, appellant listed his residence address as "1400, 143rd and Kinsman, Cleveland."
 {¶ 34} Based on the evidence presented, and viewing it in a light most favorable to the prosecution, we find that there was sufficient evidence of appellant's participation in the drug trafficking operation to allow a rational finder of fact to find appellant guilty of the offenses charged.
 IV {¶ 35} The final assignment of error contends that the court erred when it sentenced appellant to more than the minimum sentence. Appellant argues that the trial court should not have refused to order a presentence investigation report. *Page 15 
Appellant also argues that based upon such report, he would have been entitled to the minimum sentence on the charges. We disagree.
 {¶ 36} Pursuant to R.C. 2951.03(A), a presentence investigation report is only required prior to sentencing if a community control order is to be imposed. As no such sentence was imposed in this case, the trial court did not err in refusing to order the report.
 {¶ 37} A reviewing court will not reverse a sentence unless that court finds, by clear and convincing evidence, that the sentence is unsupported by the record or is contrary to law. State v. Edwards, Cuyahoga App. No. 80133, 2002-Ohio-5064.
 {¶ 38} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court of Ohio held that certain sections of Ohio's sentencing code were unconstitutional because they required judicial findings of fact not proven to a jury beyond a reasonable doubt before a court could impose certain sentences. The Supreme Court excised certain provisions of the code regarding consecutive sentences and maximum sentences. The Supreme Court further held that, after the severance, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."Foster, supra, at T|100.
 {¶ 39} The record reflects that the trial court specifically addressed the Foster sentencing issues, refrained from improper judicial factfinding, and considered the *Page 16 
seriousness and recidivism factors permitted by statute when sentencing appellant. The trial court imposed sentences of five years on the third degree felony counts of drug possession and drug trafficking, a 12-month sentence for a fifth degree felony count of possession of criminal tools, and the mandatory one-year sentence on the firearm specification. These sentences are within the statutory range of R.C. 2929.14(A)(2), R.C. 2929.14(A)(5), and R.C. 2941.141.
 {¶ 40} Assignment of Error IV is overruled.
 {¶ 41} The judgment of the trial court is hereby affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, JUDGE
 SEAN C. GALLAGHER, P.J., and MARY EILEEN KILBANE, J., CONCUR *Page 1