JOURNAL ENTRY AND OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the Cuyahoga County Court of Common Pleas and the briefs of counsel. As part of a plea bargain in CR-450843, defendant Walter Dozier pleaded guilty to involuntary manslaughter, with a three-year firearm specification. The court sentenced him to 13 years, and ordered the sentence to be served consecutively to a seven-year sentence in CR-467338, in which Dozier pleaded guilty to felonious assault, for an "agreed sentence" of 20 years. Dozier did not file a direct appeal. Ten months later, Dozier filed a motion to "correct the sentence" on grounds that the involuntary manslaughter and felonious assault convictions were allied offenses of similar import under R.C. 2941.25(A). The court denied the motion without a hearing. Dozier appeals.
 {¶ 2} The court did not err by denying the motion to correct the sentence because, as a motion seeking postconviction relief, it had not been filed within 120 days after the time for taking a direct appeal had expired as required by R.C. 2953.23(A). Moreover, even had the petition been timely filed, any claim regarding the sentences would be barred by res judicata because that claim could have been raised on direct appeal. See State v. Perry (1969), 10 Ohio St.2d 175, paragraph nine of the syllabus. Finally, by agreeing to serve a 20-year prison term, Dozier waived the right to appellate review of that sentence. See State v.Ranta, Cuyahoga App. No. 84976, 2005-Ohio-3692.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed. The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, P.J., and ANN DYKE, J., CONCUR