JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Defendant-appellant Arthur Pickens appeals from a three-year combined sentence on one count of menacing by stalking and one count of violation of a temporary protection order. Pickens argues that the three-year sentence imposed for violating a temporary protection order was so severe and disproportionate to his acts that the court must not have considered the statutory factors set forth in R.C. 2929.12. We find that Pickens failed to show by clear and convincing evidence that his sentence was disproportionate to his conduct and affirm the sentence.
 {¶ 2} In response to a misdemeanor charge of menacing by stalking filed by the victim, Pickens' former girlfriend, the Parma Municipal Court issued a temporary protection order barring Pickens from harassing the victim by communicating with her by telephone, among other means. Pickens posted bond and that same day began calling the victim. The police arrested him, and he again posted bond, subject to the same temporary protective order barring him from contacting the victim. Over a period of approximately 20 days following his release on the second charge, he made in excess of 200 telephone calls or text messages to the victim's cell phone. Pickens later pleaded no contest to felony charges of menacing by stalking and violating a protection order.
 {¶ 3} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,1J100, the Ohio Supreme Court eliminated sentencing provisions that required judicial factfinding and *Page 3 
held that the trial courts have full discretion to impose any sentence authorized by law that is in accordance with the stated purposes and principles of felony sentencing. The purposes and principles of felony sentencing are set forth in R.C. 2929.11 and, even afterFoster, continue to promote the goals of protecting the public and punishing the offender. Foster, 109 Ohio St.3d at ¶ 96, 98; State v.Clay, Cuyahoga App. Nos. 89339-89341, 2008-Ohio-314, ¶ 7.
 {¶ 4} An appellate court may not disturb a trial court's sentencing determination absent clear and convincing evidence that either the record does not support the sentence, or the sentence is contrary to law. State v. Williams, Cuyahoga App. No. 88137, 2007-Ohio-3897, ¶ 37;State v. Samuels, Cuyahoga App. No. 88610, 2007-Ohio-3904, ¶ 7. Pickens' sentence is indisputably within the statutory range for a third degree felony,[1] so it plainly is not contrary to law. See State v.Cremeens, Vinton App. No. 06CA646, 2006-Ohio-7092, ¶ 12. This leaves for our consideration the question of whether there is clear and convincing evidence to show that the record does not support the sentence.
 {¶ 5} Even though the trial court is required to consider the sentencing factors set forth in R.C. 2929.12, State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38, *Page 4 
the appellate courts have consistently held that R.C. 2929.12 does not require the sentencing court to "state on the record that it considered the statutory criteria or discussed them." State v. Polick (1995), 101 Ohio App.3d 428, 431; State v. Nance, Cuyahoga App. No. 89394,2008-Ohio-445, ¶ 35.
 {¶ 6} The court's sentencing entry stated without further elaboration that it "considered all required factors of the law." This statement is sufficient to fulfill the court's obligation under Mathis.
 {¶ 7} Moreover, the facts offered by the state support the imposition of a three-year sentence. Pickens twice violated protection orders. The first violation came on the same day that he had been released from jail. The second violation encompassed more than 200 cell phone calls or text messages within a 20-day period. As demonstrated by his no contest plea and subsequent conviction on the charge of menacing by stalking, Pickens made a threat of physical harm against the victim. He had a lengthy prior record of misdemeanors, suggesting that his violation of the protective orders was part of a pattern of disregarding the law. Finally, the three-year sentence fell midrange for third degree felonies. Given these facts shown by the record, Pickens failed to present clear and convincing evidence that his sentence was disproportionate to his conduct. The assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 5 
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., and ANN DYKE, J., CONCUR
[1] Although a charge of violating a protection order is normally a misdemeanor of the first degree, see R.C. 2919.27(B)(2), the offense was elevated to a felony of the third degree because Pickens violated the protection order while committing a felony count of menacing by stalking. See R.C. 2919.27(B)(4). The basic prison term for a third degree felony is a definite term of one, two, three, four, or five years. See R.C. 2929.14(A)(3). The court sentenced Pickens to three years for violating the protection order.
 *Page 1