[Cite as *State v. Saunders*, 2012-Ohio-104.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96643**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## NATHANIEL SAUNDERS

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED IN PART; DISMISSED IN PART

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-536994, CR-541910, and CR-543492

**BEFORE:** Jones, P.J., Rocco, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** January 12, 2012

**ATTORNEY FOR APPELLANT**

Michael J. Gordillo
1370 Ontario Street
2000 Standard Building
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Vincent I. Pacetti
Assistant County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, P.J.:

{¶ 1}  Defendant-appellant, Nathaniel Saunders, appeals his convictions in three criminal cases.   For the reasons that follow, we dismiss in part and affirm in part.

{¶ 2}  Saunders was indicted in Cuyahoga County Common Pleas Court in three separate cases:   CR-543493, CR-541910, and CR-536994.   On February 2, 2011, Saunders pleaded guilty to amended indictments in all three cases.   The trial court held a

sentencing hearing on March 4, 2011, and sentenced him to an aggregate sentence of ten years in prison. The same day, the trial court issued the journal entries for Case Nos. CR-543493 and CR-541910. On March 8, 2011, the trial court issued the journal entry for Case No. CR-536994.

{¶ 3} On April 7, 2011, Saunders filed a notice of appeal from his convictions in the three cases, raising the following assignments of error for our review:

"I. The trial court did not comply with Crim.R. 11 and Defendant's plea was not knowingly, intelligently, and voluntarily made.

"II. Defendant-Appellant was denied the effective assistance of counsel."

Untimely Appeal

{¶ 4} As an initial matter, the trial court issued the journal entries in Case Nos. CR-543493 and CR-541910 on March 4, 2011. Saunders did not file his notice of appeal until April 7, 2011. Consequently, in Case Nos. CR-543493 and CR-541910, Saunders failed to file a notice of appeal from the original order of sentence within the 30-day jurisdictional requirement set forth in App.R. 4(A)[1] or a motion for a delayed appeal pursuant to App.R. 5(A). Without a timely notice of appeal from the orders challenged, this court lacks jurisdiction to consider those cases. *Cleveland v. Black*, 8th Dist. No. 82457, 2003-Ohio-4197, ¶ 14. Since the original orders of sentence in Case

---

[1]App.R. 4(A) provides that "[a] party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."

Nos. CR-543493 and CR-541910 were final appealable orders, and Saunders failed to appeal those orders, this court cannot consider his assignments of error as to those two cases. See id. at ¶ 15. Therefore, we dismiss Saunders's appeal as to Case Nos. CR-543492 and CR-541910 and proceed to consider only his appeal in Case No. CR-536994.

## Guilty Plea

{¶ 5} A guilty plea is a complete admission of the defendant's guilt. Crim.R. 11(B)(1). A counseled guilty plea voluntarily and knowingly given removes the issue of factual guilt from the case. *State v. Siders* (1992), 78 Ohio App.3d 699, 701, 605 N.E.2d 1283, citing *Menna v. New York* (1975), 423 U.S. 61, 62, 96 S.Ct. 241, 46 L.Ed.2d 195. When a defendant pleads guilty as part of a plea bargain, he waives all appealable errors which may have occurred at trial unless such errors precluded the defendant from entering a knowing and voluntary plea. *State v. Barnett* (1991), 73 Ohio App.3d 244, 248, 596 N.E.2d 1101, citing *State v. Kelly* (1991), 57 Ohio St.3d 127, 566 N.E.2d 658. A guilty plea even waives the right to claim that a defendant was prejudiced by constitutionally ineffective counsel, except to the extent that the defects complained of caused the plea to be less than knowing and voluntary. Id. at 299.

## Crim.R. 11

{¶ 6} Crim.R. 11(C)(2) provides that a court may not accept a guilty plea unless it addresses the defendant personally and (1) determines that he is making the plea voluntarily, understanding the charges and the maximum penalty involved; (2) informs

him of the effect of his guilty plea; and (3) informs him of the federal and state constitutional rights he will be waiving by entering a guilty plea. The rule creates two sets of requirements for a court to accept a guilty plea in a felony case. *State v. Higgs* (1997), 123 Ohio App.3d 400, 403, 704 N.E.2d 308. The first set is constitutional; the second set is nonconstitutional. Id. Strict compliance is required for the constitutional requirements. Id. While literal compliance is the preferred practice for the nonconstitutional requirements, a guilty plea is valid as long as the court substantially complies with these requirements. *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474. In order to satisfy the requirement of substantial compliance, an appellate court must view the totality of the circumstances and determine whether the appellant has suffered prejudice. Id.

**{¶ 7}** It is with these concepts in mind that we review the assignments of error.

<u>Crim.R. 11</u>

**{¶ 8}** In Case No. CR-536994, Saunders was charged with three counts each of aggravated burglary, aggravated robbery, and kidnapping; all counts were accompanied by one- and three-year firearm specifications. Saunders pleaded guilty to an amended indictment of two counts of robbery with one-year firearm specifications. The trial court sentenced Saunders to six years in prison on Case No. CR-536994, to run consecutive to the sentences for Case Nos. CR-543493 and CR-541910.

**{¶ 9}** In the first assignment of error, Saunders argues that the trial court failed to comply with the mandates of Crim.R. 11 because the court improperly "packaged" his

plea in Case No. CR-541910. He contends that the "packaging" of the plea, whereby the state required that his codefendants also enter into a plea agreement with the state, resulted in Saunders's plea being non-voluntary. But we do not have jurisdiction to consider his plea in Case No. CR-541910, therefore, we cannot consider his "packaging" argument or whether his plea in that case otherwise complied with Crim.R. 11.

{¶ 10} We do note, however, that Saunders's plea in Case No. CR-536994 was contingent upon him pleading guilty in Case Nos. CR-543493 and CR-541910; therefore, we will consider whether his plea in Case No. CR-536994 complied with Crim.R. 11.

{¶ 11} Saunders does not challenge the trial court's advisement to him of the constitutional rights he waived, and our review shows that the court strictly complied with that advisement. In all other respects, we find that Saunders's plea in CR-536994 complied with Crim.R. 11; therefore, the first assignment of error is overruled.

Ineffective Assistance of Trial Counsel

{¶ 12} In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: (1) the performance of defense counsel is seriously flawed and deficient; and (2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Brooks* (1986), 25 Ohio St.3d 144, 495 N.E.2d 407.

{¶ 13} As noted supra, Saunders choice to plead guilty waives the right to claim that he was prejudiced by constitutionally ineffective counsel, except to the extent that the

defects complained of caused his plea to be less than knowing and voluntary.

{¶ 14} Saunders contends that his trial counsel knew he had psychological problems and should have requested a competency evaluation prior to his plea. Saunders does not argue, however, that trial counsel's failure to do so caused his plea to be less than knowing and voluntary. Instead, he argues that counsel's failure falls below the standard of reasonable legal representation and had a detrimental effect on the outcome of the case. But Saunders has waived that argument by pleading guilty. Even if we were to consider his argument, we would find that he was afforded effective assistance of trial counsel.

{¶ 15} In this case, defense counsel's "failure" to request a competency evaluation prior to Saunders's plea does not reflect ineffective assistance of counsel. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland* at 689.

{¶ 16} Moreover, the competency of a defendant is presumed. The presumption is rebutted only when a preponderance of the evidence shows that due to his present mental condition, the defendant was unable to understand the nature of the proceedings against him and could not assist in his defense. R.C. 2945.37(G); *State v. Swift* (1993), 86 Ohio App.3d 407, 411, 621 N.E.2d 513.

{¶ 17} Upon review, there is nothing in the record to demonstrate that Saunders was incompetent at the time of plea. He has not shown that he had any difficulty in communication with his trial counsel or that he was unable to assist in his own defense.

**{¶ 18}** The second assignment of error is overruled.

**{¶ 19}** In sum, the appeals in Case Nos. CR-543493 and CR-541910 are dismissed. The appeal in Case No. CR-536994 is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, PRESIDING JUDGE

KENNETH A. ROCCO, J., and
EILEEN A. GALLAGHER, J., CONCUR