[Cite as *State v. Saunders*, 2013-Ohio-490.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98379**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## NATHANIEL SAUNDERS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-536994, CR-541910, and CR-543492

**BEFORE:** Stewart, A.J., Kilbane, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 14, 2013

**ATTORNEY FOR APPELLANT**

Susan J. Moran
55 Public Square, Suite 1616
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Vincent I. Pacetti
             Matthew E. Meyer
Assistant County Prosecutors
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH   44113

MELODY J. STEWART, A.J.:

{¶1} Defendant-appellant Nathaniel Saunders pleaded guilty in three different cases to charges of robbery, assault, and attempted escape. The court sentenced him to an aggregate term of ten years. Saunders concedes that the sentences on each count fell within the applicable statutory limits. He argues, however, that the court abused its discretion by sentencing him to maximum, consecutive sentences because the sentences exceeded penalties given for similar offenses and the court failed to state the reasons supporting the length of the sentences.

{¶2} In CR-536994, Saunders pleaded guilty to two counts of robbery with firearm specifications for each count. These were third degree felonies and the court sentenced him to the maximum of five years on each count, to be served concurrently to each other, but consecutive to the one-year firearm specifications. In CR-541910, Saunders pleaded guilty to one count of assault. This was a fifth degree felony and the court sentenced him to the maximum term of 12 months. And in CR-543492, Saunders pleaded guilty to one count of attempted escape. This was a third degree felony and the court sentenced him to three years. The sentences in all three cases were ordered to be served consecutively for an aggregate sentence of ten years.

{¶3} Saunders appealed from his convictions in all three cases. We found that the appeals in CR-541910 and CR-543492 were untimely because they were not made within the 30-day period set forth in App.R. 4(A), so we dismissed those appeals. *State v.*

*Saunders*, 8th Dist. No. 96643, 2012-Ohio-104, ¶ 4.  We then affirmed the guilty plea in CR-536994, finding that it was voluntarily made under Crim.R. 11 and that Saunders was not denied the effective assistance of counsel when entering the plea.  *Id.* at ¶ 11 and 17. Saunders could have, but did not, question the validity of his sentence in CR-536994 on direct appeal, so his sentence in that case is res judicata.  *State v. Dozier*, 8th Dist. No. 88205, 2007-Ohio-530, ¶ 2.  We therefore disregard any argument relating to the sentence imposed in CR-536994.

{¶4} As for the argument that the court disregarded the applicable statutory factors when sentencing in CR-541910 and CR-543492, the sentencing entries in both cases state that "the court considered all required factors of the law."  That statement, without more, is sufficient to fulfill the court's obligations under the sentencing statutes.  *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio- 4642, 873 N.E.2d 306, ¶ 18; *State v. Kamleh*, 8th Dist. No. 97092, 2012-Ohio-2061, ¶ 61.

{¶5} Saunders's argument that the court failed to make the necessary findings before imposing maximum and consecutive sentences is likewise without merit. Saunders was sentenced on March 4, 2011, prior to the September 30, 2011 effective date of H.B. 86, which enacted a number of changes to the sentencing law.  The law in effect at the time Saunders was sentenced did not require the court to give reasons supporting the imposition of maximum and consecutive sentences and left the matter to the court's discretion.  *See State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 11; *State v. Ward*, 8th Dist. No. 97219, 2012-Ohio-1199, ¶ 8.

**{¶6}** The sentences imposed on Saunders were not an abuse of the court's discretion. The three cases comprising the guilty plea were committed at different times and encompassed a variety of offenses, thus showing that Saunders was not a one-time offender. To underscore this conclusion, the court noted that Saunders had been something of a career criminal, a characterization that Saunders himself apparently encouraged given information showing that he was the "HNIC" of "the Heartless Felon Gang" and actively recruited members while incarcerated. His criminal record started at age 15 when he committed aggravated robbery. Over the years, and in addition to the offenses in the cases presently before us, Saunders had juvenile adjudications and criminal convictions for criminal activity on school property, felonious assault while under a weapons disability, theft, extortion, and assault on a police officer. Finally, he committed some of the offenses while on postrelease control.

**{¶7}** The only basis for the mitigation of sentence was Saunders's claim that he was psychotic and suffered from antisocial personality disorder. This fact did not assist him. Saunders's doctor claimed that Saunders refused to take his medication and that he had a "perversive disregard for the violation and rights of others as you have repeatedly performed acts that cause you to be arrested. You're impulsive, fail to plan ahead, aggressive, and lack remorse. There is a maladaptive pattern of coping that is highly refractory and difficult to change." Or as the court aptly put it to Saunders: "You can't follow the rules. You don't care." The court could rationally conclude that Saunders's

incarceration was necessary to punish him and to protect the public because he was likely to commit future crime. The assigned error is overruled.

{¶8} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, ADMINISTRATIVE JUDGE

MARY EILEEN KILBANE, J., and
EILEEN T. GALLAGHER, J., CONCUR