[Cite as *State v. Caraballo*, 2014-Ohio-2641.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 100354

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## EMILIO CARABALLO

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-572419

**BEFORE:** McCormack, J., Jones, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** June 19, 2014

**ATTORNEY FOR APPELLANT**

Allison S. Breneman
1220 West 6th Street
Suite 303
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Ronni Ducoff
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

{¶1} Defendant-appellant, Emilio Caraballo, appeals from a maximum sentence of 18 months in prison for his conviction of gross sexual imposition and unlawful restraint involving a five-year-old victim. He argues the trial court failed to properly consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. Finding no merit to his claim, we affirm the trial court.

{¶2} The state alleged Caraballo, 21, engaged in improper sexual conduct with a five-year-old girl, the daughter of Caraballo's coworker at an MRDD work site. The incident occurred at the time when the coworker was dying of HIV and the girl stayed at Caraballo's house. The day after the coworker died, the girl's aunt, while giving the girl a bath, notice a mark on her inner thigh. When the girl was asked about the mark, she stated it was from jumping in the pool. When her aunt asked the girl if "she was sure that no one touched her," the girl stated, "Uncle Emilio stuck his pee pee in my," and pointed to her private area. The aunt called 911 and reported the incident.

{¶3} The state charged Caraballo with two counts of rape, two counts of kidnapping with a sexual motivation specification, and two counts of gross sexual imposition. Under a plea bargain, Caraballo pled guilty to one count of gross sexual imposition, a fourth-degree felony, and one count of unlawful restraint, a misdemeanor of the third degree. The trial court merged the two offenses and sentenced him to 18

months, the maximum penalty for a fourth-degree felony. He was also classified as a Tier I Sex Offender. Caraballo now appeals.

{¶4} In his sole assignment of error, Caraballo argues the trial court abused its discretion in imposing a sentence contrary to the purposes and principles of felony sentencing set forth in R.C. 2929.11 and failed to properly assess the sentencing factors set forth in R.C. 2929.12.

{¶5} Pursuant to R.C. 2953.08(G)(2), we do not review felony sentences under an abuse of discretion standard. Rather, we review Caraballo's sentence to determine whether it is contrary to law under R.C. 2953.08(A)(4). *See State v. Smith,* 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13. There are two grounds for a criminal defendant to claim that a sentence is contrary to law.

{¶6} First, a sentence is contrary to law if it falls outside the statutory range for the particular degree of offense. *State v. Holmes*, 8th Dist. Cuyahoga No. 99783, 2014-Ohio-603, ¶ 10. Caraballo's sentence of 18 months was within the statutory range for a fourth-degree felony, therefore, it is not contrary to law.

{¶7} Second, a sentence is contrary to law if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7 (the trial court "has the full discretion to impose any term of imprisonment within the statutory range, but it must consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12"). In *State v. Long*, Slip

Opinion No. 2014-Ohio-849, ¶ 17-18, the Supreme Court of Ohio explained these two

statutes as follows:

> In Ohio, two statutory sections serve as a general guide for every sentencing. First, R.C. 2929.11(A) provides that the overriding purposes of felony sentencing "are to protect the public from future crime by the offender and others and to punish the offender." To achieve these purposes, the trial court "shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution." *Id.* The sentence must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).* * *

> Second, R.C. 2929.12 specifically provides that in exercising its discretion, a trial court must consider certain factors that make the offense more or less serious and that indicate whether the offender is more or less likely to commit future offenses. * * * R.C. 2929.12(C) and (E) also permit a trial court to consider "any other relevant factors" to determine that an offense is less serious or that an offender is less likely to recidivate.* * *

**{¶8}** This court has held that a trial court "fulfills its duty under the statutes by

indicating that it has considered the relevant sentencing factors." *Smith*, 8th Dist.

Cuyahoga No. 100206, 2014-Ohio-1520, at ¶ 14, citing *State v. Saunders*, 8th Dist.

Cuyahoga No. 98379, 2013-Ohio-490, ¶ 4. The trial court "need not go through each

factor on the record — it is sufficient that the court acknowledges that it has complied

with its statutory duty to consider the factors without further elaboration." *Id.*, citing

*State v. Pickens*, 8th Dist. Cuyahoga No. 89658, 2008-Ohio-1407, ¶ 6.

**{¶9}** At Caraballo's sentencing, his counsel confirmed that the presentence

investigation report ("PSI") accurately recited the content of the police reports regarding

the incident, but asked for community control, claiming Caraballo had no criminal history

and the PSI indicated a low to moderate risk of recidivism. His counsel also argued that the only evidence for Caraballo's guilt was the five-year-old's statement. Caraballo himself denied raping the child. The trial court expressed its doubt about a five-year-old's ability to fabricate an account of an incident of a sexual nature, but offered Caraballo an opportunity to withdraw his guilty plea and to proceed to trial. Caraballo affirmed his decision to plead guilty, stating he wanted to avoid the risk of a long prison term.

{¶10} Before imposing a maximum term for Caraballo's offense, the trial court acknowledged the purposes and principles of felony sentencing set forth in R.C. 2929.11, and placed on the record its consideration of various R.C. 2929.12 factors. The court noted the injury was exacerbated by the physical and mental condition and age of the victim as a five-year-old child. The court found the victim suffered serious physical and psychological harm from being raped vaginally. The court also found Caraballo used his relationship with the child-victim, as a family friend of the child's parents, to facilitate the offense. The court found no substantial grounds to mitigate Caraballo's conduct. The court also noted Caraballo's history of arrests as reflected in the PSI, which included an arrest for rape in 2010, although it was unclear whether an indictment stemmed from the arrest. It found that the PSI did not truly address the question of recidivism because the dispositions of the prior cases were unknown. The court determined, however, that Caraballo posed a risk of re-offending. In addition, it found him to lack remorse and to have pled guilty only to avoid a harsher sentence. The court

concluded that a maximum sentence was required to effectively punish Caraballo's behavior while protecting the public from his preying on the most vulnerable people in the society.

**{¶11}** The record shows the trial court more than adequately fulfilled its duty under both R.C. 2929.11 and 2929.12. Caraballo's sentence is not contrary to law.

**{¶12}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

LARRY A. JONES, SR., P.J., and
KENNETH A. ROCCO, J., CONCUR