[Cite as *State v. Davis*, 2016-Ohio-7964.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104221**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## EZRA L. DAVIS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-596785-A

**BEFORE:** Celebrezze, J., McCormack, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 1, 2016

**ATTORNEY FOR APPELLANT**

Michael H. Murphy
20325 Center Ridge Road, Suite 512
Rocky River, Ohio 44116


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Jeffrey Schnatter
        Kelly Needham
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-appellant, Ezra Davis ("Davis"), brings this appeal challenging his conviction and sentence for having weapons while under disability. Specifically, Davis argues that his conviction is not supported by sufficient evidence and is against the manifest weight of the evidence. Furthermore, Davis argues that the trial court's sentence was not commensurate with his offense. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶2} The instant matter arose from an investigation into kidnapping and rape allegations made against Davis by R.N. Davis and R.N. had an ongoing and tumultuous relationship with a documented history of violence. On June 16, 2015, officers from the Cleveland Metropolitan Housing Authority ("CMHA") responded to an apartment on Garden Valley Road to speak with Davis regarding R.N.'s allegations. After being invited into the apartment, CMHA Sergeant James Neal observed Davis walking into a bedroom. Sergeant Neal detained Davis and asked him whether he had any weapons or contraband in his possession. Davis informed Sergeant Neal that there was a gun in the bedroom. Sergeant Neal returned to the bedroom and discovered a revolver laying in plain view.

{¶3} In Cuyahoga C.P. No. CR-15-596785-A, the Cuyahoga County Grand Jury returned an eight-count indictment charging Davis with: (1) - (2) rape, in violation of R.C. 2907.02(A)(2), with notice of prior conviction and repeat violent offender

specifications; (3) kidnapping, in violation of R.C. 2905.01(A)(2); (4) kidnapping, in violation of R.C. 2905.01(A)(4); (5) felonious assault, in violation of R.C. 2903.11(A)(1), with notice of prior conviction and repeat violent offender specifications; (6) domestic violence, in violation of R.C. 2919.25(A); (7) endangering children, in violation of R.C. 2919.22(A); and (8) having weapons while under disability, in violation of R.C. 2923.13(A)(2). Counts 3 and 4 contained notice of prior conviction, repeat violent offender, and sexual motivations specifications. Davis pled not guilty to the charges.

{¶4} During a December 7, 2015 pretrial hearing, the parties engaged in plea negotiations, but were unable to reach an agreement. The prosecutor informed the trial court that he had not been able to contact R.N. and that a detective was trying to locate her. Accordingly, the prosecutor requested a continuance, and the trial court granted the request.

{¶5} On December 14, 2015, the prosecutor informed the trial court that officers were unsuccessful in locating R.N. As a result, the state moved to dismiss Counts 1 through 7 without prejudice. The trial court granted the state's motion, and the matter proceeded to a jury trial on Count 8.

{¶6} At the close of trial, the jury found Davis guilty of the having weapons while under disability charge. The trial court ordered a presentence investigation report ("PSI") and set the matter for sentencing. Thereafter, the trial court referred Davis to the court psychiatric clinic for an evaluation regarding mitigation of sentence, pursuant to R.C. 2947.06.

{¶7} On February 2, 2016, the trial court sentenced Davis to a prison term of three years on the having weapons while under disability count.   The trial court also addressed Davis's violation of postrelease control in Cuyahoga C.P. No. CR-13-580391-A.[1]   The trial court terminated postrelease control and ordered Davis to serve the remaining 435 days in prison.   Pursuant to R.C. 2929.141, the trial court ordered Davis to serve the three-year sentence for having weapons while under disability consecutively to the sentence for violating postrelease control.

{¶8} Davis filed the instant appeal assigning four errors for review:

I. The evidence presented at trial was insufficient to prove the charges at bar beyond a reasonable doubt.

II. [Davis's] conviction is against the manifest weight of the evidence.

III. The trial court erred in denying [Davis's] motion for acquittal pursuant to Ohio Criminal Rule 29 for all counts, where evidence is not sufficient to support a conviction.

IV. The sentence handed down by the trial court was not commensurate with the crime committed.

As appellant's first and third assignments of error are interrelated, we will address them together.

## II. Law and Analysis

### A. Sufficiency

{¶9} In his first assignment of error, Davis argues that his conviction is not

---

[1] There, Davis pled guilty to attempted robbery and domestic violence; the trial court sentenced Davis to an aggregate prison term of six months.

supported by sufficient evidence. In his third assignment of error, Davis argues that the trial court erred by denying his Crim.R. 29 motion for a judgment of acquittal. The defense moved for a Crim.R. 29 motion for a judgment of acquittal at the close of the state's case, arguing that although Davis knew that the gun was in the bedroom, the evidence did not demonstrate that he acquired, used, carried, or transported the gun.

{¶10} Crim.R. 29 mandates that the trial court issue a judgment of acquittal where the prosecution's evidence is insufficient to sustain a conviction for the offense. *Cleveland v. Pate*, 8th Dist. Cuyahoga No. 99321, 2013-Ohio-5571, _ 12. Crim.R. 29(A) and sufficiency of evidence review require the same analysis. *State v. Mitchell*, 8th Dist. Cuyahoga No. 95095, 2011-Ohio-1241, _ 18, citing *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386.

{¶11} The test for sufficiency requires a determination of whether the prosecution met its burden of production at trial. *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 12. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).

{¶12} In the instant matter, Davis was convicted of having weapons while under disability, in violation of R.C. 2923.13(A)(2), which provides

> [u]nless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if * * * [t]he person is under indictment for or has

been convicted of any felony offense of violence or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence.

**{¶13}** In *State v. Adams*, 8th Dist. Cuyahoga No. 93513, 2010-Ohio-4478, this court held that in order to "have" a firearm or dangerous ordnance within the meaning of R.C. 2923.13, an individual must either actually or constructively possess it. *Id.* at ¶ 19, citing *State v. Hardy*, 60 Ohio App.2d 325, 327, 397 N.E.2d 773 (8th Dist.1978). "The issue of whether a person charged with having weapons while under disability knowingly acquired, had, carried, or used any firearm or dangerous ordnance 'is to be determined from all the attendant facts and circumstances available.'" *State v. Bray*, 8th Dist. Cuyahoga No. 92619, 2009-Ohio-6461, ¶ 21, quoting *State v. Teamer*, 82 Ohio St.3d 490, 492, 696 N.E.2d 1049 (1998).

**{¶14}** Possession may be actual or constructive.

> Constructive possession may * * * be inferred when a person has dominion or control over the premises upon which the object in question is found and knows that the object is on those premises. *State v. Scalf* (1998), 126 Ohio App.3d 614, 710 N.E.2d 1206. Furthermore, a person may knowingly possess or control property belonging to another; the state need not establish ownership to prove constructive possession. *See State v. Robinson*, 8th Dist. [Cuyahoga] No. 90751, 2008-Ohio-5580.

*Bray* at ¶ 23. Ownership does not need to be proven, and constructive possession may be established by circumstantial evidence. *State v. Blue*, 9th Dist. Lorain No. 10CA009765, 2011-Ohio-511, ¶ 17.

**{¶15}** Davis emphasizes that the gun was recovered from the floor of an apartment in which three other people were present. Davis asserts that there is nothing linking him

to either the apartment in which the gun was recovered or the gun itself. Furthermore, Davis suggests that the gun belonged to someone else and that the officers assumed that the gun belonged to him because he informed the officers of its presence in the room. As such, Davis argues that the state failed to present sufficient evidence to establish that he possessed the gun.

{¶16} Sergeant Neal testified about his encounter with Davis at the apartment during which he discovered the gun: "[u]pon making entry into the unit, I observed [Davis] coming out of the back bedroom and recognized him from a photo of my investigation"; "I told him to show his hands, at which time he turned and went back into the bedroom." Sergeant Neal entered the bedroom and detained Davis. Sergeant Neal stated, "I asked [Davis] if he had anything on him, weapons, drugs or anything, at which time he said, [t]he gun's in the bedroom." Sergeant Neal explained that this conversation took place "[a]s we were walking out of the bedroom into the hallway."

{¶17} Sergeant Neal testified that the gun was a "Rohm Model No. 66 .22 Magnum" revolver. Sergeant Neal explained that the gun was loaded with six .22 caliber rounds. Detective Todd Marazzi of the Cleveland Police Department's Firearms Forensic Lab testified that he examined the gun, conducted test firing, and concluded that the gun was operable.

{¶18} Sergeant Neal testified that there was also a female, N.G., inside the bedroom in which the gun was recovered. However, Sergeant Neal explained that it was Davis, not N.G., who informed him that the gun was in the bedroom. Sergeant Neal

asserted that in addition to Davis and N.G., there was another female in the apartment, and two children he guessed were eight or nine years old. Sergeant Neal stated that the female and the children were not in the bedroom in which the gun was located — the female was at the front door and the children were in the living room.

{¶19} Sergeant Neal testified that officers also searched a Volkswagen Jetta that was located at the apartment. The vehicle belonged to N.G., and she provided the officers with consent to search the vehicle. Sergeant Neal explained that the officers searched the vehicle because they determined during their investigation that Davis had been in possession of the vehicle. Sergeant Neal testified that the officers recovered a Spiderman backpack in the trunk that contained (1) a box of .22 caliber bullets, (2) an HTC cell phone, (3) an iPhone, and (4) a bottle of pills prescribed to Davis.

{¶20} After reviewing the record, we find that Davis's conviction is supported by sufficient evidence. Based on the circumstantial evidence presented by the state, and construing the evidence in a light most favorable to the state, we find that the state presented sufficient evidence for any rational trier of fact to conclude that Davis knew the gun was in the bedroom, was able to exercise dominion and control over the gun, and had immediate access to the gun. The fact that Davis did not reside in the apartment where the gun was recovered is of no consequence since ownership is not required for possession.

{¶21} Accordingly, Davis's first and third assignments of error are overruled.

**B. Manifest Weight**

**{¶22}** In his second assignment of error, Davis argues that his conviction is against the manifest weight of the evidence.

**{¶23}** In contrast to a sufficiency argument, a manifest weight challenge questions whether the state met its burden of persuasion. *Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, at ¶ 12. A reviewing court "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Thompkins*, 78 Ohio St.3d at 388, 678 N.E.2d 541. A conviction should be reversed as against the manifest weight of the evidence only in the most "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

**{¶24}** Although we review credibility when considering the manifest weight of the evidence, we are cognizant that determinations regarding the credibility of witnesses and the weight of the testimony are primarily for the trier of fact. *State v. Bradley*, 8th Dist. Cuyahoga No. 97333, 2012-Ohio-2765, ¶ 14, citing *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967). The trier of fact is best able "to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 24. The jury may take note of any inconsistencies and resolve them accordingly, "believ[ing] all, part, or none of a witness's testimony."

*State v. Raver*, 10th Dist. Franklin No. 02AP-604, 2003-Ohio-958, ¶ 21, citing *State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964).

**{¶25}** In support of his manifest weight challenge, Davis relies on the same arguments set forth above regarding possession of the gun. Davis contends that the evidence adduced at trial does not support the having weapons while under disability conviction because it does not demonstrate that he possessed the gun. Specifically, Davis asserts that there was no evidence that he exercised dominion and control over the gun, and that aside from Sergeant Neal's testimony, there was no evidence linking him to the firearm.

**{¶26}** After reviewing the record, we cannot say that Davis's conviction is against the manifest weight of the evidence. The state's theory of the case was that Davis possessed the gun recovered from the bedroom. On the other hand, the defense's theory of the case was that the gun belonged to someone else and that there was nothing linking Davis to the gun. Davis's conviction is not against the manifest weight of the evidence simply because the jury chose to believe the state's version of the events rather than Davis's.

**{¶27}** The jury, as the trier of fact, heard the evidence presented and was in the best position to assess the credibility of Sergeant Neal and Detective Marazzi. We cannot say that this is the exceptional case where the evidence weighs heavily against the conviction nor that the jury clearly lost its way and created a manifest miscarriage of justice.

**{¶28}** Accordingly, Davis's second assignment of error is overruled.

## C. Trial Court's Sentence

**{¶29}** In his fourth assignment of error, Davis argues that the trial court's sentence is not commensurate with the offense he committed.

**{¶30}** Appellate review of felony sentences is governed by R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. R.C. 2953.08(A) provides, in relevant part, that a defendant has the right to appeal any sentence consisting of the maximum prison term allowed for an offense or a sentence that is contrary to law. In the instant matter, Davis's sentence may be subject to appellate review because he received the maximum sentence for his third-degree felony conviction.

**{¶31}** R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may increase, reduce, or modify a sentence, or it may vacate and remand the matter for resentencing, only if we clearly and convincingly find that either the record does not support the sentencing court's statutory findings or the sentence is contrary to law. A sentence is contrary to law if the sentence falls outside the statutory range for the particular degree of offense or the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13.

**{¶32}** The review provided for in R.C. 2953.08 is limited. In *Marcum*, the Ohio Supreme Court held that when a sentence is imposed solely after consideration of the

factors in R.C. 2929.11 and 2929.12, appellate courts "may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Id*. at ¶ 23.

{¶33} R.C. 2929.11(A), governing the purposes and principles of felony sentencing, provides that a sentence imposed for a felony shall be reasonably calculated to achieve two overriding purposes of felony sentencing: (1) to protect the public from future crime by the offender and others, and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. Furthermore, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

{¶34} R.C. 2929.12 delineates the seriousness and recidivism factors for the sentencing court to consider in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. The statute provides a non-exhaustive list of factors a trial court must consider when determining the seriousness of the offense, and the likelihood that the offender will commit future offenses.

{¶35} This court has held that a trial court "fulfills its duty under the statutes by indicating that it has considered the relevant sentencing factors." *Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, at ¶ 14, citing *State v. Saunders*, 8th Dist. Cuyahoga No. 98379, 2013-Ohio-490, ¶ 4. The trial court "need not go through each

factor on the record — it is sufficient that the court acknowledges that it has complied with its statutory duty to consider the factors without further elaboration." *Id*., citing *State v. Pickens*, 8th Dist. Cuyahoga No. 89658, 2008-Ohio-1407, ¶ 6.   In fact, consideration of the appropriate factors set forth in R.C. 2929.11 and 2929.12 can be presumed unless the defendant affirmatively shows to the contrary.   *State v. Jones*, 8th Dist. Cuyahoga No. 99759, 2014-Ohio-29, ¶ 13.

**{¶36}** In the instant matter, Davis argues that the trial court's sentence was "largely due to his record" and that the trial court failed to consider his psychological conditions and the pertinent facts of the case.   As such, Davis maintains that the sentence is "more punitive in nature than fair" and asks this court to find the sentence to be "arbitrary, capricious, and disproportionate to the offense[.]"

**{¶37}** We initially find no merit to Davis's argument that the trial court simply sentenced him to prison rather than considering treatment or a community based correctional facility program ("CBCF").   The trial court specifically determined, based on the circumstances in the present case,   that prison was more appropriate than local incarceration or CBCF.   (Tr. 504.)

**{¶38}** Davis's sentence for the having weapons while under disability count, a third-degree felony, was within the statutory range under R.C. 2929.14(A)(3)(b), which provides, in relevant part, that "[f]or a felony of the third degree * * * the prison term shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months."   Although the trial court imposed the maximum   36-month sentence, "[t]rial courts have full discretion

to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum * * * sentences." *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus.

{¶39} Davis directs this court to R.C. 2929.12, regarding factors indicating that an offender's conduct is less serious than conduct normally constituting the offense. Specifically, Davis contends that R.C. 2929.12(_)(4) applies, which provides, "[t]here are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense." The record reflects that the trial court specifically considered any applicable mitigating factors in determining the appropriate sentence. (Tr. 500.)

{¶40} Davis further contends that the trial court failed to state that it weighed the factors regarding his conduct and failed to state the necessary language regarding whether the sentence was necessary to protect the public and punish him. Specifically, Davis asserts that the sentence "seems to punish [him] more than protect the public, and does not use the minimum sanctions that the court would otherwise determine accomplishes the purposes without imposing an unnecessary burden on state or local government resources, necessary under [R.C.] 2929.11(A)[.]" Appellant's brief at 17.

{¶41} The trial court's sentencing journal entry provides, in relevant part, "[t]he court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11." Aside from the trial court's notation in the sentencing entry that it "considered all required factors of the law" including, specifically,

R.C. 2929.11, the record in this case reflects that the trial court did, in fact, consider both R.C. 2929.11 and 2929.12 when sentencing Davis.

**{¶42}** The trial court stated that it considered the seriousness of the having weapons while under disability charge, any factors that made the offense more serious than would otherwise be expected, and any factors that made the offense less serious than would otherwise be expected. The trial considered Davis's criminal history, the likelihood that Davis would reoffend in the future, and the probation department's classification of Davis as "high-risk." The trial court considered Davis's PSI, which reflected that in a nine-year period, Davis had six felony cases and 12 municipal cases. The trial court noted that several of the municipal cases involved violence or domestic violence. The trial court considered that Davis was on postrelease control when he committed the having weapons while under disability offense.[2] The trial court emphasized, "[y]ou knew you weren't supposed to have a weapon. You've got six felonies. You knew six times that you were not supposed to have a weapon." (Tr. 504.) The trial court determined that under these circumstances, prison was more appropriate than any local incarceration or CBCF.

**{¶43}** After reviewing the record, we find that Davis's sentence was not contrary to law. Davis's sentence was within the permissible statutory range, and the trial court considered the required factors of law.

**{¶44}** Accordingly, Davis's fourth assignment of error is overruled.

---

[2] Cuyahoga C.P. No. CR-13-580391-A.

## III. Conclusion

{¶45} After thoroughly reviewing the record, we find that Davis's conviction is supported by sufficient evidence and is not against the manifest weight of the evidence, and Davis's sentence is not contrary to law.

{¶46} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

TIM McCORMACK, P.J., and
EILEEN T. GALLAGHER, J., CONCUR