[Cite as *State v. Johnson*, 2018-Ohio-272.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105360**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# STEPHEN L. JOHNSON

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-607610-A

**BEFORE:** E.T. Gallagher, P.J., Celebrezze, J., and Jones, J.

**RELEASED AND JOURNALIZED:** January 25, 2018

**ATTORNEY FOR APPELLANT**

Myron P. Watson
614 Superior Ave., Suite 1144
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By: Owen M. Patton
Blaise D. Thomas
Assistant County Prosecutors
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, P.J.:

**{¶1}** Stephen Johnson ("Johnson") appeals his 22-year prison sentence and assigns the following error for our review:

I. The trial court erred when it imposed a maximum and consecutive sentence when it failed to consider mitigation factors, and the record does not support its findings to impose this type of sentence.

**{¶2}** Upon review of the record, we find no merit to the appeal and affirm Johnson's sentence.

## I. Facts and Procedural History

**{¶3}** On November 28, 2016, Johnson pled guilty to one count of voluntary manslaughter in violation of R.C. 2903.03(A), a first-degree felony, with a three-year firearm specification and one count of felonious assault in violation of R.C. 2903.11(A)(2), a second-degree felony. On December 19, 2016, the court sentenced Johnson to 11 years in prison for manslaughter, three years in prison for the gun specification, and 8 years in prison for assault. The court ran these sentences consecutively for an aggregate prison term of 22 years. Johnson now appeals from this sentence.

## II. Law and Analysis

**A. Maximum Sentences**

**{¶4}** In his sole assignment of error, Johnson argues that the court "had insufficient support in the record * * * to impose a maximum and consecutive sentence" of 22 years.

**{¶5}** R.C. 2953.08(A)(1) permits Johnson to appeal his maximum consecutive sentence. R.C. 2953.08(G) provides that a court hearing an appeal under R.C. 2953.08(A) "may increase, reduce, or otherwise modify a sentence" or may vacate the sentence and remand the matter to the sentencing court for resentencing if it clearly and convincingly finds either of the following:

> (a) The record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; [or]
>
> (b) That the sentence is otherwise contrary to law.

**{¶6}** A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. *State v. Carabello*, 8th Dist. Cuyahoga No. 100354, 2014-Ohio-2641, ¶ 6-7.

**{¶7}** Courts have "full discretion" to impose a sentence within the applicable statutory range. *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus. Therefore, a sentence imposed within the statutory range is "presumptively valid" if the court considered the applicable sentencing factors. *Id.*

**{¶8}** A trial court is no longer required to make findings or provide reasons for imposing the maximum sentence. *State v. Bement*, 8th Dist. Cuyahoga No. 99914, 2013-Ohio-5437, ¶ 14. Although the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors listed in R.C. 2929.12, the sentencing court is not required to "state on the record that it considered the statutory criteria or discussed them." *State v. Pickens*, 8th Dist. Cuyahoga No. 89658, 2008-Ohio-1407, ¶ 5, quoting *State v. Polick*, 101 Ohio App.3d 428, 655 N.E.2d 820 (4th Dist.1995). A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes. *State v. Wright*, 8th Dist. Cuyahoga No. 95096, 2011-Ohio-733, ¶ 4.

**B.   Consecutive Sentences**

**{¶9}** "[T]o impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry * * *." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. Pursuant to R.C. 2929.14(C)(4), the court must find consecutive sentences are "necessary to protect the public from future crime or to punish the offender"; "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and at least one of the following three factors:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction * * *, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶10} In the case at hand, Johnson alleged that, on May 3, 2016, he was on Noble Road in Cleveland Heights with his brother when four men started shooting at them. Johnson fired shots in return, most of which hit a car parked nearby. Two men were in the car at the time, and one of them was fatally shot three times in the back.

{¶11} Johnson offered the following mitigating factors at the sentencing hearing: Johnson apologized directly to the victim's family and his family and showed remorse for his actions. Johnson also stated that he fired his gun in response to being shot at, and he "didn't pull out no gun just to shoot people." Furthermore, Johnson's friend, girlfriend, and brother expressed that Johnson was a "good guy" who made a bad decision. In response to Johnson's mitigating factors, the court stated, "that's not acceptable to me, and I don't care what your circumstances are." The court concluded that Johnson, his family, his friends, and his attorney "have not said anything to indicate that there [was] anything mitigating."

{¶12} Additionally, the court made the following findings on the record immediately after sentencing Johnson to 22 years in prison:

That consecutive sentences are necessary to protect the public from future crime. That consecutive sentences are not disproportionate to the seriousness of the offender's conduct. That the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

The court does find that this weapon was utilized, although you say that it was not meant to cause the damage that it did, that when the gun jammed, that you corrected the gun and that you continued to empty the gun into the car of an innocent individual who had no involvement in the situation.

{¶13} The sentencing journal entry in the case at hand states, in relevant part:

The court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11. * * * The consecutive sentence is necessary to protect the public from future crime, that consecutive sentences are not disproportionate to the seriousness of the offender's conduct, the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶14} Upon review, we find that Johnson's sentence falls within the statutory range for the offenses of which he was convicted. Furthermore, the court considered the statutory purposes, principles, and factors of felony sentencing in R.C. 2929.11 and 2929.12. Additionally, the court complied with R.C. 2929.14(C)(4) when it ran Johnson's sentences consecutively by considering the proportionality of Johnson's

sentence, the seriousness of the offenses, and the need to protect the public from future crime.

## C. Conclusion

**{¶15}** The court did not err by sentencing Johnson to 22 years in prison in this manslaughter and assault case. Although the court sentenced Johnson to the maximum prison term possible for his convictions, and ran those sentences consecutively, his sentence is not contrary to law, it is supported by evidence in the record, and the court considered the proper felony sentencing statutes when imposing the prison term. Johnson's sole assignment of error is overruled.

**{¶16}** Sentence affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN T. GALLAGHER, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
LARRY A. JONES, SR., J., CONCUR